# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| EDWARD D. HAYES, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-00825 |
| BRUNDAGE MANAGEMENT COMPANY, INC. d/b/a SUN LOAN COMPANY, INC. d/b/a SUN LOAN COMPANY TEXAS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

**NOW COMES** Edward D. Hayes ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Brundage Management Company, Inc. d/b/a Sun Loan Company, Inc. d/b/a Sun Loan Company Texas, Inc. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227 and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. § 392.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas, Defendant maintains significant business contacts in the Western

1

District of Texas, Plaintiff reside in the Western District of Texas, and a substantial portion of the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant, through its subsidiaries, provides storage services and installment loans in the United States. Defendant's registered office is located at 254 Spencer Ln., San Antonio, Texas 78201.

**FACTS SUPPORTING CAUSES OF ACTION**

6. In November 2017, Plaintiff took out a loan from Defendant with a principle amount of $300.00. Plaintiff made monthly payments on the loan.

7. After experiencing unforeseen events, Plaintiff began experiencing financial hardship and was not able to continue making monthly payments on the loan.

8. Plaintiff made his last payment in March 2018.

9. After Plaintiff made his last payment, there remained an outstanding balance ("subject debt").

10. In March 2018, Plaintiff began receiving unsolicited phone calls to his cellular phone, (512) XXX-9411, from Defendant, in an attempt to collect on the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number. Plaintiff is and has always been financially responsible for this cellular telephone and its services ending in 9411.

12. Immediately after Defendant began placing collection calls to Plaintiff's cellular phone number, Plaintiff answered a phone call from a representative of Defendant in which they

demanded Plaintiff to make a payment on the subject debt. Plaintiff responded by requesting that Defendant cease placing calls to his cellular phone.

13. Failing to acquiesce to Plaintiff's demand that it stop calling his cellular phone, Defendant continued to place calls to Plaintiff's cellular phone.

14. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed numerous harassing phone calls to Plaintiff's cellular phone between March 2018 and the present day.

15. Plaintiff's demands that Defendant's phone calls cease were not respected and Defendant continued its phone harassment campaign.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling numerous times, with such frequency as can be reasonably expected to harass.

17. In the calls that Plaintiff did answer, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's automated telephone system attempted to connect Plaintiff to a live agent.

18. Specifically, there would be an approximate 2 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant.

19. Moreover, Plaintiff also heard what sounds to be call center noise in the background of Defendant's phone calls.

20. The phone number that Defendant most often uses to contact Plaintiff is (512) 733-9616, but upon information and belief, Defendant's collection department may have used other phone numbers to contact Plaintiff.

21. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone number using an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted debts.

## DAMAGES

22. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

23. Plaintiff has expended time consulting with his attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

24. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

25. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

26. Plaintiff restates and realleges paragraphs 1 through 25 as though fully set forth herein.

27. Defendant placed or caused to be placed numerous non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his prior express consent in violation of 47 U.S.C. §227(b)(1)(A)(iii).

28. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

29. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

30. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing numerous harassing phone calls to Plaintiff's cellular telephone from March 2018 through the present day, using an ATDS without his prior consent.

32. Any prior consent, if any, was revoked by Plaintiff's numerous verbal revocations.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

36. Defendant, through its agents, representatives, vendors, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(C).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff EDWARD D. HAYES respectfully prays this Honorable Court for the following relief:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations.
b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
c. Awarding Plaintiff costs and reasonable attorney fees;
d. Enjoining Defendant from further contacting Plaintiff; and
e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

40. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

41. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

**a. Violations of TDCA § 391.302**

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

6

43. Defendant violated the TDCA when it continuously placed phone calls to Plaintiff's cellular phone after he informed it to stop calling. This repeated behavior of systematically calling Plaintiff's cellular phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment. The frequency and volume of phone calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

44. Furthermore, Defendant relentlessly contacted Plaintiff multiple times on numerous occasions. Sending such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

45. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff EDWARD D. HAYES respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);
c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);
d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;
e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: September 28, 2018                    Respectfully Submitted,

/s/ Marwan R. Daher
Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com