UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EDWARD D. HAYES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 1:18-cv-00825 |
| | § | |
| BRUNDAGE MANAGEMENT | § | |
| COMPANY, INC., d/b/a SUN LOAN | § | |
| COMPANY, INC., d/b/a | § | |
| SUN LOAN COMPANY TEXAS, INC., | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S RULE 12(b)(1) MOTION TO DISMISS AND MOTION FOR SUMMARY JUDGMENT

BRUNDAGE MANAGEMENT COMPANY, INC., d/b/a SUN LOAN COMPANY, INC., d/b/a SUN LOAN COMPANY TEXAS, INC. ("SUN LOAN") files this motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and motion for summary judgment under Federal Rule of Civil Procedure 56, showing in support as follows:

## Table of Contents

I. STANDARD OF REVIEW ........................................................................................................3
II. INTRODUCTION ....................................................................................................................3
III. FACTS .....................................................................................................................................4
IV. EVIDENCE...............................................................................................................................4
V. ARGUMENT ............................................................................................................................5
VI. CONCLUSION ........................................................................................................................6

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to present a defense to a claim grounded on the court's "lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b)(1). In reviewing such a motion, the court presumes lack of subject-matter jurisdiction until the plaintiff proves otherwise in response to the motion. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, (1994); La Reunion Francaise SA v. Barnes, 247 F.3d 1022, 1026 (9th Cir. 2001). A Rule 12(b)(1) motion may be brought as a facial or factual attack. Gould Electronics, Inc. v. United States, 220 F.3d 169, 176 (3rd Cir. 2000). The presumption of truthfulness does not attach to the allegations of plaintiff's complaint or any inferences drawn therefrom. Id. Plaintiff has the burden to establish that the court has subject-matter jurisdiction. Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770 (9th Cir. 2000).

## II. INTRODUCTION

In his Complaint, the Plaintiff alleges that the Defendant's employees violated the Telephone Consumer Protection Act ("TCPA") when the employees communicated with the Plaintiff and asserts that there were numerous non-emergency calls made to the Plaintiff's cellular telephone using and Automatic Telephone Dialing System ("ATDS") without the Plaintiff's prior consent. The Defendant does not deny that telephone calls were made by employees of the Defendant to the Plaintiff but denies that telephone calls were made to Plaintiff using an ATDS. Further, the Plaintiff agreed in writing his consent to receive telephone calls to his cellular telephone.

## III. FACTS

As evidenced in the attached affidavit of TIM SCHNEIDER, in 2017 the Plaintiff applied for and was approved for a loan with the Defendant in the amount of $535.21. In his application for credit with the Defendant, he consented in agreeing to receive telephone calls from the Defendant employees to his cellular telephone. Subsequently, the Plaintiff defaulted under the terms and conditions of the loan agreement. Based on that default, employees of the Defendant, using its NEC telephone system, made various telephone calls to the Plaintiff's cellular telephone. On one such call, the Plaintiff attempted to revoke his consent by telling the Defendant's not to call him again. Since the Plaintiff failed to revoke his consent in writing to receive calls on his cellular telephone, employees of the Defendant continued to communicate with the Plaintiff.

## IV. EVIDENCE

The testimony and document attached to the affidavit of TIM SCHNEIDER, conclusively proves that the Defendant's NEC telephone system sold to it by a company using the name Mercury was not and could not make automated dialing calls or robocalls. All calls were made manually by employees of the Defendant to its customers including the telephone calls made to the Plaintiff. Further, the evidence also shows that the Plaintiff never communicated in writing his revocation to accept telephone calls from employees of the Defendant.

## V. ARGUMENT

The allegations against Sun Loan for violations of the Telephone Consumer Protection Act ("TCPA") have no merit and thus this Court lacks jurisdiction to hear this case. The TCPA requires the following to find a violation: (1) that the Defendant called the Plaintiff's cellular phone; (2) using an automatic telephone dialing system ("ATDS"); (3) without the Plaintiff's prior consent. Not a single call was made to the Plaintiff with an ATDS (including predictive dialer) or a pre-recorded message .As evidence by the testimony of TIM SCHNEIDER, the Defendant made a deliberate decision not to purchase an ATDS.

Because human intervention was indisputably used to make each call to the Plaintiff, the Defendant's telephone system does not qualify as an ATDS. *See* 47 U.S.C. 227 (a), Freya v. Dun & Bradstreet, Inc., 2015 WL 6163590 (C.D. Cal 2015), Carlisle v. Green Tree Servicing, LLC, 2016 WL 4011238 (N.D. Ga. 2016), Satterfield v . Simon & Schuster, Inc., 569 F3d 946 (9th Cir. 2009), Strauss v. The CBE Group, Inc., 2016 WL 1273913 (S.D. Fla 2015). All those cases found that an ATDS was not used when the caller had to manually dial the number. Thus, the Defendant is entitled to a Motion to Dismiss and a Summary Judgment on the issue that the Defendant does not and could not use an ATDS to call its customers. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986) and Anderson v., Liberty Lobby, Inc., 477 U.S. 242 (1986).

Further, the documents attached to the affidavit of TIM SCHNEIDER show (i) that the Plaintiff provided consent to Sun Loan to call Defendant at the phone number Defendant provided, which was his cellular telephone number and (ii) that if Defendant wished to revoke his consent to receive text messages or emails, he had to communicate to the Defendant in writing. The Plaintiff never provided written notice revoking his consent to receive telephone calls, text messages and emails.

The Second Circuit has held that consumers cannot be unilaterally revoke consent that was part of a bilateral contract. *See* <u>Reyes v. Lincoln Fin Services</u>, 861 F3d 51 (2017) and <u>Harris v. Navient Solutions, LLC</u>, 2018 U.S. DIST. LEXIS 140317 (2018). Now other Courts are following the Second Circuit such as <u>Medley v. Dish Network, LLC</u>, 2018 U.S. DIST. LEXIS 144895 (2018), <u>Few v. Receivables Performance Mgt.</u>, 2018 U.S. DIST., LEXIS 134324. In a recent case, ACA Int'l v. FCC, 885 F3d 687 (D.C. CIR. 2018), in which the FCC conceded that a 2015 ruling pertaining to revocation of consent " did not address whether contracting parties can select particular revocation procedure by mutual agreement." Thus it is clear that the Plaintiff consented to receive telephone calls to his cellular telephone as part of the agreement between him and the Defendant and if he wanted those calls to cease he had to communicate his revocation in writing.

Finally, the Plaintiff's attempt to revoke consent orally in a telephone conversation did not become a legal revocation of his consent. The Defendant's employees were not prohibited from telephoning the Plaintiff after his attempt to orally revoke consent occurred.

## VI. CONCLUSION

In conclusion, Hayes' claims are fundamentally defective and meritless. Hayes' allegations against Sun Loan fail to plausibly allege violations of the Telephone Consumer Protection Act as found in 47 U.S.C. § 227 since the Defendant's telephone system did not have the capacity to make ATDS. The Plaintiff's attempt to orally revoke consent to telephone him on his cellular telephone was also ineffective since he never revoke his consent to the Defendant in writing. Defendant Sun Loan respectfully prays that the Court grant its motion for dismissal under Federal Rule of Civil Procedure 12(b)(1) and its motion for summary judgment under

Federal Rule of Civil Procedure 56, enter judgment that Plaintiff Edward D. Hayes take nothing by way of these claims, and grant Defendant all other relief to which it is justly entitled.

>Respectfully submitted,
>
>**JAFFE & ASHER LLP**
>  /s/ B. Bruce Johnson
>**B. BRUCE JOHNSON**
>State Bar No. 10682800
>12720 Hillcrest Road, Suite 108
>Dallas, Texas 75230
>Email: BJohnson@jaffeandasher.com
>(972) 789-1680 Ext. 2617
>(972) 789-1681 Fax
>ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF CONFERENCE**

As required by Texas Rule of Appellate Procedure 10.1(a)(5), I certify that I have conferred, or made a reasonable attempt to confer, with all other parties—which are listed below—about the merits of this motion with the following results:

Marwan R. Daher, Esq., attorney for Plaintiff Edward D. Hayes

☑ opposes motion
☐ does not oppose motion
☐ did not return my message regarding the motion

  /s/ B. Bruce Johnson
B. Bruce Johnson
  02/21/2019

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 21, 2019, a true and correct copy of the foregoing was served via electronic means to all parties entitled to receive notice in this case through the Court's ECF system:

**VIA ECF:**
Marwan R. Daher, Esq.
Sulaiman Law Group, Ltd.
2500 S Highland Ave, Suite 200
Lombard, IL 60148
mdaher@sulaimanlaw.com
*Attorneys for Plaintiff*

  /s/ B. Bruce Johnson
B. Bruce Johnson

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

EDWARD D. HAYES,

    Plaintiff,

vs.

Case No. 1:18-cv-00825

BRUNDAGE MANAGEMENT
COMPANY, INC., d/b/a SUN LOAN
COMPANY, INC., d/b/a
SUN LOAN COMPANY TEXAS, INC.,

    Defendant.

## AFFIDAVIT

1. Before me, the undersigned authority, personally appeared TIM SCHNEIDER, who, being by me duly sworn, deposed as follows:

2. My name is TIM SCHNEIDER, I am of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

3. I am a Custodian of Records for BRUNDAGE MANAGEMENT COMPANY, INC., d/b/a SUN LOAN COMPANY, INC., d/b/a SUN LOAN COMPANY TEXAS, INC., ("SUN LOAN") Defendant in the above-styled and numbered cause. Attached as Exhibit 1 is the loan agreement between Plaintiff and Sun Loan dated July 11, 2017. Attached as Exhibit 2 is a letter from Mercury dated January 2, 2019, the NEC telephone system purchased from Mercury by Sun Loan does not contain the ability to make automated telephone calls to its customers. All telephone calls made by Sun Loan to its customers must be dialed manually. All calls made to Edward Hayes were made by manually dialing his cellular telephone number.

Further affiant sayeth naught.

Date: 2/21/2019

By: _____
TIM SCHNEIDER
Title: Custodian of Records

By: _____
Notary: Sylvia A. Martinez

SYLVIA A. MARTINEZ
Notary Public
STATE OF TEXAS
Notary ID# 226246-5
My Comm. Exp. 03-15-2020

-1-

**EXHIBIT 1**

THIS INSTRUMENT IS SUBJECT TO A PERFECTED FIRST LIEN POSITION SECURITY INTEREST GRANTED TO CAPITAL ONE, NATIONAL ASSOCIATION TIN # 72-0210540, AS AGENT

Acct-Contract # ●●419-6　　　　CONSUMER CREDIT DISCLOSURE - PROMISSORY NOTE　　　　TXLL04.3015
Date Of Note: 07/11/2017

| LENDER | BORROWER | CO-BORROWER |
|---|---|---|
| SUN LOAN - ROUND ROCK - TX | HAYES, EDWARD DALE | |
| 1,736 N. Mays | | |
| Round Rock, TX 78664 | | |
| (512) 733-9617 | | |

"I" and "me" means each person who signs as a Borrower. "You" means the lender.

| ANNUAL PERCENTAGE RATE The cost of my Credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost me. | AMOUNT FINANCED The amount of credit provided to me or on your behalf. | TOTAL OF PAYMENTS The amount I will have paid after I have made all payments as scheduled |
|---|---|---|---|
| 102.3% | $224.78 | $535.21 | $759.99 |

| Number of Payments | Amount of Payments | When Payments are Due |
|---|---|---|
| 7 | 95.00 | 11th of each month beginning on 8/11/2017 |
| 1 | 94.99 | Final Payment: 03/11/2018 |

SECURITY: You will have a security interest in the following described collateral: Unsecured
LATE CHARGE: If any part of a payment is unpaid for 10 days after it is due, I may be charged 5% of the amount of payment or $10.00, whichever is greater.
PREPAYMENT: If I pay off early, I may be entitled to a refund of part of the finance charge.
Additional Information: See the contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| ITEMIZATION OF THE FINANCE CHARGE | |
|---|---|
| Acquisition Charge | $ 53.52 |
| Installment Account Handling Charge | $171.26 |

| ITEMIZATION OF THE AMOUNT FINANCED | |
|---|---|
| Previous Account | #15662-50758 |
| Late Charge on Previous Account | $ 0.00 |
| Maturity Interest on Previous Account | $ 0.00 |
| Previous Balance | $ 480.00 |
| Less Refund | $ 60.09 |
| Amount I paid | $ 0.00 |
| Net Balance Renewed | $ 419.91 |
| Cash to me | $ 115.30 |
| Amount Financed | $ 535.21 |

I promise to pay the Total of Payments to the order of you, the Lender. I will make the payments at your address above. I will make the payments on the dates and in the amounts shown in the Payment Schedule. If I don't pay an entire payment within 10 days after it is due, you can charge me a late charge. The late charge will be 5% of the scheduled payment or $10, whichever is greater. If I don't pay all I owe when the final payment becomes due, I will pay interest on the amount that is still unpaid. That interest will be at a rate of 18% per year and will begin the day after the final payment becomes due.

I can make any payment early. The acquisition charge on this loan will not be refunded if I pay off early. If I pay all I owe before the beginning of the last monthly period, I will save part of the installment account handling charge. You will figure the amount I save by the Sum of the Periodic Balances Method. This method is explained in the Finance Commission rules. You don't have to refund or credit any amount less than $1.

If I ask for more time to make any payment and you allow me more time, I will pay additional interest to extend the payment. The additional interest will be figured as provided in the Finance Commission rules. I agree to pay you a reasonable fee of up to $30 for a returned check. You can add the fee to the amount I owe under this agreement or collect it separately.

If I break any of my promises in this document, you can demand that I immediately pay all that I owe. You can also do this if you in good faith believe that I am not going to be willing or able to keep all of my promises. I agree that you don't have to give me notice that you are demanding or intend to demand immediate payment of all that I owe.

If I am giving collateral for this loan, I will see the separate security agreement for more information and agreements.

I will keep all of my promises in this document. If there is more than one Borrower, each Borrower agrees to keep all of the promises in this document, even if the other Borrowers do not. I promise that all information I gave you is true.

If you don't enforce your rights every time, you can still enforce them later. Federal law and Texas law apply to this contract.

I don't have to pay interest or other amounts that are more than the law allows.

Any change to this agreement has to be in writing. Both you and I have to sign it. You can mail any notice to me at my last address in your records. Your duty to give me notice will be satisfied when you mail it.

For questions or complaints about this loan, contact Sun Loan Company at 1-800-531-7652 or via mail at 254 Spencer Ln. San Antonio, TX. 78201 or via our website at http://www.sunloan.com. The lender is licensed and examined under Texas law by the Office of Consumer Credit Commissioner (OCCC), a state agency. If a complaint or question cannot be resolved by contacting the lender, consumers can contact the OCCC to file complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705. Phone: (800) 538-1579. Fax: (512) 936-7610. Website: occc.texas.gov. E-mail: consumer.complaints@occc.texas.gov.

X _____
   Borrower

X _____
   Co-Borrower

Recibí la Forme Informa de Prestamo _____
I received the Spanish Disclosure.

X _____
   Witness

Original

**EXHIBIT 2**



2929 Mossrock, Suite 116
San Antonio, TX 78230
210-349-1001

January 2, 2019
Mr. Vince Sines
Brundage Management
254 Spencer Lane
San Antonio, TX 78201

Dear Mr. Sines,

I wanted to follow up our phone conversation about the NEC phone systems Mercury Communication Services of San Antonio has sold Brundage Management, beginning on or about May of 2007.

None of the NEC phone systems have the ability to do any type of "ATDS" to outside numbers as sold to you. In fact, NEC's core CPU software does not even offer this as an option.

Should you have any additional questions, please feel free to reach out to me at 210-349-1001.

Thanks,

Butch Beasley
Managing Partner